IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN THUESEN,                       §
                    Petitioner,     §
                                    §
v.                                  §      No. 4:20-CV-00852
                                    §
BOBBY LUMPKIN, DIRECTOR,            §
TEXAS DEPARTMENT OF CRIMINAL        §
JUSTICE, CORRECTIONAL               §
INSTITUTIONS DIVISION,              §
                    Respondent.     §

**RESPONDENT'S OPPOSITION TO THUESEN'S MOTION TO FILE
AN EX PARTE REQUEST FOR INVESTIGATIVE FUNDING**

Petitioner John Thuesen was properly convicted and sentenced to die for

committing capital murder by a Texas court. Thuesen now seeks funding for

an expert or experts with experience in post-traumatic stress disorder (PTSD)

to litigate a claim of ineffective assistance of trial counsel in failing to

reasonably investigate Thuesen's background during the guilt and punishment

phases of trial.[1] Mot., ECF No. 9 at 2. But Thuesen's statement of the need for

confidentiality outlines only his basic request. And, Thuesen fails to explain

why he is entitled to additional funding to present new evidence on a claim

raised and rejected by state courts. *Ex parte Thuesen*, WR-81,584-01, 2020 WL

---

[1]    Thuesen not only failed to conference counsel for the Director as required by
local rule 7.1 (D) but the Director cannot locate any reference as to Thuesen's indigent
status. 18 USC 3599(a)(2).

584368, at \*2 (Tex. Crim. App. Feb. 5, 2020). This Court cannot consider evidence that was not before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Accordingly, Thuesen's request should be denied.

This Court "may authorize [and] order the payment of fees and expenses" for expert assistance if it is "reasonably necessary for the representation" of the inmate. 18 U.S.C. § 3599(f). The Supreme Court explained in *Ayestas v. Davis*, that "[a] natural consideration informing the exercise of [the district court's] discretion is the likelihood that the contemplated services will help the applicant win relief." 138 S. Ct. 1080, 1094 (2018). To that end,

> [p]roper application of the "reasonably necessary" standard thus requires courts to consider the potential merits of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way.

*Id*. [2] Thuesen's bid for funding falls short because he fails to establish that that there is any likelihood that he would succeed on the merits of his claim or that he can clear his procedural hurdles. Thus, the Court should exercise its "broad discretion" and deny funding. *Ayestas*, 138 S. Ct. at 1094.

---

[2]     Thuesen's ex parte motion fails to state what amount of funding he is seeking. But if the request exceeds the statutory maximum of $7,500, the Court must certify that the proposed services are of "an unusual character or duration" and Fifth Circuit approval is required. 18 U.S.C. § 3599(g)(2); *Jones v. Davis*, 927 F.3d 365, 374 (5th Cir. 2019).

As a threshold matter, the Director is opposed to granting Thuesen the right to proceed ex parte. To request the assignment of funds in an ex parte proceeding, the applicant must make a proper showing "concerning the need for confidentiality." 18 U.S.C. § 3599(f). District courts in this circuit have articulated the procedure to be followed when a habeas petitioner seeks leave to proceed ex parte under 18 U.S.C. § 3599:

> First, Petitioner must file and serve a concise motion seeking authorization for investigative or expert assistance that includes a short, case-specific statement of the need for confidentiality. This statement of the need for confidentiality must generically identify the type of services needed and the broad issue or topic (for example, innocence) for which the services are needed. Second, Petitioner must simultaneously file ex parte and under seal his detailed application for authorization for the investigator or expert. In this application, Petitioner must estimate the amount of fees or expenses likely to be incurred and provide factual support for the funding request. The motion—but not the application with supporting materials—must be served upon Respondent.

*Shields v. Johnson*, 48 F.Supp.2d 719, 720 (S.D. Tex. 1999) (citing *Patrick v. Johnson*, 37 F.Supp.2d 815, 816 (N.D. Tex. 1999)); *Dowthitt v. Johnson*, No. H- 98-3282 (S.D. Tex. Dec. 2, 1998); *see also Graves v. Johnson*, 101 F.Supp.2d 496, 499 (S.D. Tex. 2000).

Congress does not condone ex parte proceedings on federal habeas review without requiring the petitioner to make a "proper showing . . . concerning the need for confidentiality." 18 U.S.C. § 3599(f). Despite extensive discussion of the propriety of mandating a threshold showing of the need for confidentiality

before the petitioner may communicate with the court ex parte, Congress included the threshold language in the statute. The Fifth Circuit has also noted Congress's deliberate weakening of the ex parte standard with the enactment of the AEDPA. *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir. 1997). Before AEDPA, the statute *required* the courts to allow an ex parte communication once the petitioner met the threshold showing of a need for confidentiality; since AEDPA, the courts *may* allow an ex parte communication if the petitioner meets the threshold showing. *Id.* at 502 ("In 1996, the AEDPA section 108 changed 848(q)(9), removing the ex parte proceeding requirement and changing the mandatory 'shall' language to the discretionary 'may.'"). The statute now allows the district court discretion to grant or deny an ex parte communication even if the petitioner meets the threshold showing of the need for confidentiality. Thus, even if Thuesen met a threshold showing, which he has not, this Court need not allow an ex parte communication.

A sister court has also clarified what is required in seeking ex parte funding, instructing that the motion, without revealing information itself privileged, "must provide enough information to respondent to (1) enable him to test the merits of the privilege claim, and (2) provide him a meaningful opportunity to supply any relevant information to the court regarding whether the requested services are necessary." *Robertson v. Stephens*, No. 3:13-cv-0728-G, 2013 WL 2658441, at *4 (N.D. Tex. June 13, 2013). The Court also reasoned

that courts must balance a petitioner's need for confidentiality in preparing a case "with other factors such as: (1) the State's interest in evidentiary development in federal habeas proceedings; (2) the public's interest in fiscal transparency; and (3) the court's need for reliable information in deciding whether the requested assistance is really necessary." *Id*. at *2. Thuesen has not met this threshold showing.

To start, while it appears Thuesen has attempted to comply with the procedure outlined in *Shields*, he nevertheless does not set forth a *case-specific* showing of need for confidentiality in his request for assistance under § 3599. He identifies generically the need for an expert and the broad issue or topic for which the services would be valuable. This matter is indistinguishable from the issue in *Patrick*, in which the district court denied the petitioner's request for leave to proceed ex parte where the petitioner "assert[ed] only a generic need for confidentiality which arises in virtually all capital cases."   37 F.Supp.2d at 816; *see Jones v. Stephens*, 4:05-cv-638, 2014 WL 2446116, at *2 (N.D. Tex. May 30, 2014) (rejecting the argument that the need to protect confidential work product establishes a case-specific need); *Robertson*, 2013 WL 2658441, at *4 (rejecting the argument that a "general assertion of a blanket attorney/client or work product privilege" establishes a specific need for confidentiality).

5

Furthermore, Thuesen's vague motion has not provided the Respondent with a meaningful opportunity to supply this Court with relevant information concerning whether the requested services are necessary. *Robertson*, 2013 WL 2658441, at *4. The Director has an interest in responding to an inmate-petitioner's request to proceed ex parte concerning his requests for discovery and expert assistance, as the Director is often in the best position to identify procedural issues that could bar or eliminate the need for factual development.[3]  Indeed, funding motions "have a significant potential for abuse when [the Director] is denied the opportunity to address the accuracy of the assertions supporting them." *Jones*, 2014 WL 2446116, at *1 (citing *Crawford v. Washington*, 541 U.S. 36, 49 (2004)). As such, Thuesen's refusal to describe the potential claims in anything more than the most general of terms should prevent him from appearing before this Court ex parte.

In his motion requesting to file ex parte, Thuesen does not explain how or why he is entitled to funds under the prevailing standard but rather asserts this information is protected by attorney-client privilege. Yet, to meet the threshold showing necessary to warrant the appointment of funds to obtain investigative or expert assistance, Thuesen must show that the appointment

---

[3]     The issue is not simply one of how federal funds are allocated, but rather whether and to what extent state prisoners are entitled to factual development of their claims on federal habeas corpus review.

6

on federal habeas review is "reasonably necessary." Thuesen fails to make this threshold requirement. The purpose of factual development in federal habeas corpus proceedings, to the extent it is even allowed, is to permit Thuesen to prove what he has alleged to be a violation of his constitutional rights. It must be remembered that Thuesen remains under a valid and lawful sentence of death by the State of Texas. *Barefoot v. Estelle,* 463 U.S. 880, 887 (1983) (noting that at the conclusion of direct review, which occurs when the Supreme Court denies certiorari, a presumption of finality and legality attaches to a petitioner's conviction and sentence). Only if his constitutional rights have truly been violated should that conviction be disturbed.

More importantly, Thuesen's claims should have already been investigated, formulated, and set forth in prior state court proceedings, and it is well settled, under both pre-AEDPA[4] and post-AEDPA standards, that state prisoners in federal habeas review are not entitled to raise unexhausted claims or to further factually develop their partially exhausted claims in federal court. 28 U.S.C. § 2254(b), (e); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971); *Turner v. Johnson*, 106 F.3d 1178, 1183-84 (5th Cir. 1997); *Livingston v. Johnson*, 107 F.3d 297, 306 n.7 (5th Cir. 1997). Thuesen has no automatic right to discover new evidence but must show

---

[4]     The Antiterrorism and Effective Death Penalty Act of 1996.

that any new investigation is "reasonably necessary" in the context of this habeas litigation.

Proper application of the 'reasonably necessary' standard [ ] requires courts to consider [. . .] the prospect that the applicant will be able to clear any procedural hurdles standing in the way." *Ayestas*, 138 S. Ct. at 1094. Here, further factual development is precluded under *Pinholster*. 563 U.S. at 181–82. However abstractly useful the evidence petitioner seeks to develop might be, it will never be admissible in a federal habeas proceeding, so it is not "reasonably necessary" to fund its development. *Ayestas*, 138 S. Ct. at 1094 (a federal court must consider "the likelihood that the services will generate useful and admissible evidence"). Funding investigation is pointless if the facts uncovered cannot ultimately be considered. Similarly, consideration of new evidence in federal court for claims not raised in state court is cabined by 28 U.S.C. § 2254(e)(2). *Pinholster*, 563 U.S. at 185 ("Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief."); *see also Murphy v. Davis*, 901 F.3d 578, 595 (5th Cir. 2018) ("Unlike § 2254(d), no adjudication on the merits is needed for § 2254(e)(1) to apply."); *Shelton v. Quarterman*, 294 F. App'x 859, 868 (5th Cir. 2008) (unpublished).

Moreover, any suggestion that funding should be provided based on *Martinez v. Ryan,* 132 S. Ct. 1309 (2012) or *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), is also without merit as the Fifth Circuit has "rejected the argument

that *Martinez* and *Trevino* require the granting of funds to develop claims[.]"
*Allen v. Stephens*, 805 F.3d 617, 638-39 (5th Cir. 2015) (citing *Crutsinger v. Stephens*, 576 F. App'x 422, 431 (5th Cir. Aug. 4, 2014) ("*Martinez* [] does not mandate pre-petition funding, nor does it alter our rule that a prisoner cannot show a substantial need for funds when his claim is procedurally barred from review."); *Sells v. Stephens*, 536 F. App'x 483, 499 (5th Cir. July 22, 2013) (unpublished) ("[O]ur precedent is clear that a habeas petitioner is not entitled to investigative funds" on claims that are defaulted.). Further, any argument that *Martinez* now mandates the granting of funds assumes that the Supreme Court silently overruled Congress's decision to allocate such decisions to the discretion of the district courts. Through its passage of AEDPA in 1996, Congress indicated its intent that funding not be made mandatory (in former 21 U.S.C. § 848(q)) by "changing the mandatory 'shall' language to the discretionary 'may.'" AEDPA § 108, Pub. L. No. 104-32, 110 Stat. 1226 (1996); *Smith*, 422 F.3d at 289. The clear language of 18 U.S.C. § 3599(f) now states that upon a finding that such ancillary services are reasonably necessary, the district court *may* authorize the granting of funds. This change from "shall" to "may" indicates Congress's desire that discretion be given to the district courts to authorize or deny funding regardless of whether the reasonable necessity language is complied with. *Smith*, 422 F.3d at 289.

As set out above, Thuesen has not demonstrated that he is entitled to additional funding. He has not shown the additional funding to be "reasonably necessary." He has not shown a constitutional violation, and he has not demonstrated that the production of new evidence is not barred by either *Pinholster* or § 2254(e)(2). For these reasons, this Court should deny his request for funding and refuse to underwrite any "fishing expeditions." *See Jones v. Davis*, 927 F.3d 365, 374 & n.54 (5th Cir. 2019) (citing *Mamou v. Davis*, 742 F. App'x 820, 824 (5th Cir. 2018); *Ochoa v. Davis*, 750 F. App'x 365, 372–73 (5th Cir. 2018) (per curiam)).

## CONCLUSION

The Director respectfully requests that Thuesen's motion to proceed ex parte and his motion for funding be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*/s/ Ellen Stewart-Klein*

\* Attorney-in-charge     \*ELLEN STEWART-KLEIN
Assistant Attorney General
Texas Bar No. 24028011
Southern District Bar No. 27861

10

P. O. Box 12548, Capitol Station
Austin, Texas   78711
Tel: (512) 936-1400
Fax: (512) 320-8132
Ellen.Stewart-Klein@oag.texas.gov

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that on November 19, 2020, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Glenn A. Danas
ROBINS KAPLAN LLP
2049 Century Park East
Suite 3400
Los Angeles, CA 90067
T: (310) 552-0130
GDanas@RobinsKaplan.com

*/s/ Ellen Stewart-Klein*
ELLEN STEWART-KLEIN
Assistant Attorney General