United States District Court
Southern District of Texas
**ENTERED**
April 01, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHN THUESEN,<br>　　　Petitioner,<br><br>v.<br><br>ERIC GUERRERO, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | H-20-CV-852 |

## ORDER

Texas death-row inmate John Thuesen filed a federal petition for a writ of habeas corpus in 2021. (Dkt. No. 20). After significant litigation, the Court considered Thuesen's habeas claims in a Memorandum and Order entered on March 31, 2024. The Court applied the deferential standards from the Antiterrorism and Effective Death Penalty Act ("AEDPA") and found that the state courts were unreasonable in adjudicating portions of claims one and two from Thuesen's federal petition. (Dkt. No. 123). The Court must now decide those claims under *de novo* review.

*De novo* review may consider evidence unavailable to the state courts, including through an evidentiary hearing, if a petitioner meets certain requirements. After finding that Thuesen had met the AEDPA standard for *de novo* review, the Court ordered the parties to brief whether Thuesen's remaining arguments require factual development. (Dkt. No. 123 at 96-97). Thuesen has filed two motions seeking to expand the record. (Dkt. Nos. 132, 155). Thuesen must show that the law permits consideration of this new material.

Even though Thuesen has cleared the section 2254(d)(1) hurdle to *de novo* review,

AEDPA still restricts federal consideration of the record beyond that developed in state court. *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) ("Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief."). Under AEDPA, if a petitioner "has failed to develop the factual basis of a claim in State court proceedings," a court may not allow factual development unless the petitioner shows that (1) his claim relies on new constitutional law or a previously undiscoverable factual predicate and (2) the facts "establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); *see also Shoop v. Twyford*, 596 U.S. 811, 819 (2022).

Thuesen makes no attempt to comply with AEDPA's statutory requirements. Thuesen's briefing instead returns to the arguments he made earlier in this litigation. Relying on recent Supreme Court jurisprudence involving administrative law,[1] Thuesen challenges the limitations Congress has placed on habeas review under AEDPA. The Court has already rejected those arguments. (Dkt. No. 123 at 21 n.10). Thuesen makes no argument worthy of reconsidering this earlier rejection. *See Bates v. Secretary, Fla. Department of Corrections*, 2025 WL 2305211, at *1 (11th Cir. Aug. 1, 2025) (finding that a district court's denial of similar arguments was "not debatable"); *Miles v. Floyd*, 2025 WL 902800, at *3 (6th Cir. Mar. 25, 2025) (finding that similar arguments "suffer[ed] from

---

[1]    *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) and *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024).

multiple deficiencies").

The Court has considered Thuesen's new factual submissions under AEDPA's demanding requirements. *See* 28 U.S.C. § 2254(e)(2). The Court finds that AEDPA precludes factual development in this case. The Court, therefore, **denies** Thuesen's motions to expand the record. (Dkt. Nos. 132, 155). The Court will confine its *de novo* review to the facts developed in state court.

The parties have provided extensive briefing on Thuesen's remaining habeas claims. The Court is considering the parties' briefing and takes the remaining claims under advisement. The Cout will issue a written decision in due course.

The Clerk will deliver a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 25 day of March , 2026.

KEITH P. ELLISON
United States District Judge

3